UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERRICK BROWN,                          )
                                       )
                Petitioner,            )
                                       )
        v.                             )          CAUSE NO. 3:17-CV-613-JD-MGG
                                       )
WARDEN,                                )
                                       )
                Respondent.            )

<u>OPINION AND ORDER</u>

Errick Brown, a prisoner without a lawyer, filed an amended habeas corpus

petition challenging his disciplinary hearing (WCC 16-10-421) where a Disciplinary

Hearing Officer (DHO) found him guilty of possessing a cell phone in violation of

Indiana Department of Correction (IDOC) policy A-121 on November 2, 2016. ECF 5 at

1, ECF 9-6 at 1. As a result, he lost 30 days earned credit time, received a one-step

demotion in credit class, which was suspended, and lost another 30 days of earned

credit time from disciplinary case—WCC 16-07-210. ECF 9-6 at 1. The Warden has filed

the administrative record and Brown filed a traverse. Thus the case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due

process rights in prison disciplinary hearings: (1) advance written notice of the charges;

(2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to

call witnesses and present documentary evidence in defense, when consistent with

institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445,

455 (1985). In his amended petition, Brown argues there are two grounds which entitle

him to habeas corpus relief.

In his first ground, Brown asserts the DHO did not have sufficient evidence to

find him guilty of possessing a cell phone. ECF 5 at 2. In the context of a prison

disciplinary hearing, "the relevant question is whether there is any evidence in the

record that could support the conclusion reached by the disciplinary board." *Hill*, 472

U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to

conduct an examination of the entire record, independently assess witness credibility,

or weigh the evidence, but only determine whether the prison disciplinary board's

decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188

F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support
> of some evidence in the record. This is a lenient standard, requiring no
> more than a modicum of evidence. Even meager proof will suffice, so
> long as the record is not so devoid of evidence that the findings of the
> disciplinary board were without support or otherwise arbitrary. Although
> some evidence is not much, it still must point to the accused's guilt. It is
> not our province to assess the comparative weight of the evidence
> underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations,

parenthesis, and ellipsis omitted).

Here, Brown was found guilty of violating IDOC offense A-121, which prohibits inmates from "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communication device." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Brown as follows:

On 10/27/2016, I, Officer S. Gutierrez was conducting a video review for another offenders [sic] evidence regarding that offenders [sic] conduct report. While viewing the CCTV footage regarding a cell phone found on 10/18/2016 behind the microwave/hotpot on 5WA by the offender restroom. Offender Brown, Errick #224350 come out of the offender restroom on 5WA and appears to plug something into the outlet that is behind the hotpot/microwave area at 9:57:09 PM. Offender Brown, Errick then walks around in the dayroom before sitting down by the microwave until he gets up at 10:22:44 PM. The Officer on the unit then finds a cell phone behind the hotpot and microwave at 10:40 PM. No other offenders are seen putting their hands anywhere near where the cell phone was found in between those times.

ECF 9-1 at 1.

The written video summary states:

On the above date and time, I, Ofc. S. Gutierrez conducted a video review regarding this incident. On the video footage you can see offender Brow[n], Errick, #224350 in the offender restroom at 9:57:09 PM. Brown, Errick comes out of the restroom and is seen appearing to plug something in behind the microwave/hotpot area and then walks around the dayroom before sitting down next to the microwave/hotpot area. The offender then gets up from the area at 10:24:11 PM and walks back to his bed area. The officer finds the cell phone behind the hotpot at 10:39:36.

ECF 9-2 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Brown guilty of violating offense A-121. A conduct report alone can

be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case

here. The reporting officer based the conduct report on security video footage of the

incident. As the Warden points out in the return to the order to show cause, the

reporting officer observed Brown exiting from the restroom and approach the table

with the hotpot and microwave on it in the dayroom. ECF 9 at 9-10. He was then seen

reaching into his pocket and, after that, reaching behind the hotpot. *Id*. at 10. Brown's

hands were behind the hotpot for more than 10 seconds and then he moved the table

with the hotpot and microwave on it back against the wall. *Id*. He then walked away a

few feet and turned around and came back to the table with the hotpot and microwave

on it. *Id*. Brown next spent about 20 seconds looking around the hotpot and appeared

to move something behind the hotpot. *Id*. He then proceeded to walk around the

dayroom and bunk area for a few minutes and came back to sit at a table near the table

with the microwave and hotpot on it while he wore headphones. *Id*. Brown sat at the

table alone, facing out toward the room for over 20 minutes, as if he was acting as a

lookout. *Id*. He then stood up and left the table. *Id*. About 15 minutes later, a prison

officer walked through the dayroom and discovered a cell phone behind the hotpot. *Id*.

A photograph taken of the cell phone substantiates the discovery of the cell phone. ECF

5 at 12. Therefore, given the security video footage coupled with the prison officer's

discovery of the cell phone behind the hotpot, there was more than "some evidence" for

the DHO to find Brown guilty of possessing a cell phone. *Hill*, 472 U.S. 456-57 ("the

relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Nevertheless, Brown argues there is insufficient evidence to support the DHO's finding of guilt. ECF 5 at 2. He asserts that, when he had his hands behind the table with the hotpot and microwave on it, he attempted to plug in the hotpot but withdrew from doing so because he saw a cell phone charger plugged into the socket. *Id*. However, that is not what the security video footage shows. Instead, it shows that, from the time Brown put his hands behind the hotpot until the time the prison officer discovered the cell phone, no other offenders were observed putting their hands behind the hotpot or microwave. ECF 9 at 11. The court has reviewed the security video footage and finds that the conduct report accurately describes Brown's movement in the area where the microwave and hotpot were located and in the dayroom. Because the DHO's finding was neither arbitrary nor unreasonable in light of the facts presented in this case, the DHO had sufficient evidence to find Brown guilty of offense A-121. Therefore, this first ground does not identify a basis for habeas corpus relief.

In the second ground of his petition, Brown argues his due process rights were violated because the conduct report failed to give him sufficient notice of the charge against him. ECF 5 at 2. Prisoners are entitled to notice of the basis of the charges against them. *Wolff*, 418 U.S. at 563-64. This requirement is satisfied so long as the underlying basis of the charge was adequate to give the prisoner notice of the allegations against him. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Here, this

requirement was met.  The detailed conduct report informed Brown of the name and number of the charge and provided sufficient facts to apprise him of the cell phone possession charge.  ECF 9-1 at 1.  Because the facts contained in the detailed conduct report gave Brown all of the information he needed to defend against a charge of possessing a cell phone, his due process rights were not violated.  *Hanks*, 326 F.3d at 911.  Brown therefore is not entitled to habeas corpus relief on this ground either.

Brown also raised several new claims for the first time in his traverse.  However, because these claims was not identified as grounds for relief in his petition, as required by Section 2254 Habeas Corpus Rule 2(c)(1), they are not properly before the court.  *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(c)(1) ("[t]he petition must: (1) specify all the grounds for relief available to the petitioner"); *Minniefield v. Lemmon*, 333 F. App'x 131, 132 (7th Cir. 2009).  Nevertheless, even if the arguments had been properly raised in his petition, they would not have succeeded on the merits.

In his traverse, Brown argues that his due process rights were violated because he was denied an impartial hearing.  ECF 17 at 6-7.  In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high."  *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).  Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case.  *Id*.  However, due process is not violated simply because the hearing officer knew

the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

The court's review of the record indicates there is no evidence in the record to support Brown's contention that the DHO was biased against him or that he did not receive an impartial hearing. While Brown claims that both Officer Gutierrez, the reporting officer who authored the conduct report and, the DHO, who presided over his hearing, were biased because they had both previously dealt with him in terms of writing him up and searching him (ECF 9-3 at 1), Brown has not shown that the DHO was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. Furthermore, the Warden explicitly states in the return to the order to show cause that Officer Gutierrez (who is also a disciplinary hearing officer), was not the DHO who heard Brown's case. ECF 9 at 3 n. 3. As discussed, the DHO thoroughly considered the record evidence and found there was sufficient evidence to find Brown guilty. Therefore, this ground does not identify a basis for granting habeas corpus relief.

Furthermore, Brown asserts that there were a number of violations of IDOC policies which entitle him to habeas corpus relief. ECF 17 at 2-3, 8. Here, Brown points out that IDOC policy was violated because the conduct report was untimely and a proper chain of custody of the confiscated cell phone was not followed. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a

constitutional violation.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process").  Therefore, Brown's claims regarding alleged violations of IDOC policy can not be remedied in a habeas corpus petition.

If Brown wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding.  *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009).  However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Errick Brown's amended petition for writ of habeas corpus is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED on December 3, 2018

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT
